UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN NOE GUTIERREZ-GUERRA
(A# 222-566-046),

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02545 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.      **Factual and Procedural History**

Petitioner, a citizen and native of Guatemala, entered the United States without inspection in November 2009 after fleeing persecution in his home country.  ECF No. 1 at 3.  He resides in Maryland and works as a gardener.  Id.

On March 19, 2026, Drug Enforcement Agency ("DEA") agents conducted a stop of a vehicle in which Petitioner was the passenger near Linthicum Heights, Maryland.  ECF No. 9-1 at 2-3.  According to Petitioner's Form I-213, undercover DEA agents scheduled a controlled buy of cocaine from the driver of the vehicle a week prior.  Id. at 2.  After a search of the vehicle turned

1

up ten kilograms of cocaine, the driver and Petitioner were arrested.  Id. at 3.  Immigration and Customs Enforcement ("ICE") officials took Petitioner into custody on March 20, 2026, and issued him a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole).  ECF Nos. 9-2, 9-3.  Petitioner is currently detained in the Golden State Annex Immigration Detention Center, within this judicial district.  ECF No. 1 at 3.

On April 3, 2026, Petitioner filed the instant § 2241 petition and a motion for temporary restraining order ("TRO").  ECF Nos. 1, 3.  In both the petition and TRO motion, Petitioner alleges that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is being unlawfully held in mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 2; ECF No. 3 at 2-3, 9.  By way of relief, he seeks immediate release and an order enjoining Respondent from re-detaining him without notice and opportunity be heard.  ECF No. 1 at 2; ECF No. 9 at 12.

Respondent filed a dual answer to the petition and opposition to the TRO motion asserting that Petitioner is subject to 8 U.S.C. § 1226(c)(1)(A), a provision that mandates the detention of noncitizens who are inadmissible by reason of having committed an offense covered under 8 U.S.C. § 1182(a)(2).  ECF No. 9.  Specifically, Respondent argues Petitioner is eligible under § 1182(a)(2)(C), which makes inadmissible a noncitizen whom the government "knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in [21 U.S.C. § 802]), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so[.]"  Id. at 4.  Respondent alleges "there are reasons to believe Petitioner is an illicit trafficker of controlled substances due to his arrest for attempting to sell large quantities of cocaine to undercover DEA agents with a second individual and his admission to being part of multiple previous sales of drugs."  Id. (citing ECF No. 9-1 at 3).

On May 28, 2026, District Judge Drozd denied Petitioner's TRO, citing his failure to exhaust his administrative remedy of a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999):

2

> The court finds analogous and persuasive, and incorporates herein, its prior analysis in Buckley, v. Chestnut, et al., No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending. Because petitioner has not exhausted his administrative remedies by requesting a Matter of Joseph hearing, petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED.

ECF No. 12. Judge Drozd then referred the matter to the undersigned for further proceedings. Id.

## II.    Administrative Exhaustion

### A.  Legal Standard

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

### B.  Discussion

The administrative remedy at issue in this case is a hearing before an immigration judge ("IJ") pursuant to the BIA's decision in Matter of Joseph. A person "who believes that he is not

3

covered by § 1226(c) may . . . ask for what is known as a 'Joseph hearing'" from the immigration court. Jennings v. Rodriguez, 583 U.S. 281, 289 n.1 (2018). "At a Joseph hearing, that person 'may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.'"[1] Id. (quoting Demore v. Kim, 538 U.S. 510, 514, n.3 (2003)).

The crux of Petitioner's due process claim here is that Respondent has denied him the protections he is entitled to under 8 U.S.C. § 1226(a). To reach this question, the undersigned would necessarily have to determine whether he is subject to § 1226(c)(1)(A) via the controlled substances traffickers provisions at § 1182(a)(2)(C). See Jennings, 583 U.S. at 289 (noting that § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a).") (emphasis in original).

The undersigned ultimately agrees with Judge Drozd's TRO ruling that the prudential exhaustion requirement should not be waived as to Petitioner's contention that § 1226(a) serves as the basis for his detention. The need for agency development of the factual record is particularly strong here given the complexity of § 1182(a)(2)(C). Unlike other provisions triggering mandatory detention under § 1226(c) (e.g., 8 U.S.C. § 1227(a)(2)), 8 U.S.C. § 1182(a)(2)(C) turns not on criminal conviction but on whether the government "knows or has reason to know" the noncitizen has engaged in or benefitted from trafficking of controlled substances. 8 U.S.C. § 1182(a)(2)(C)(i)-(ii). The immigration court and BIA are best positioned "to generate a proper record and reach a proper decision" as to these factual inquiries. Puga, 488 F.3d at 815; see also Cruz v. Sessions, No. 18-CV-06215-LHK, 2018 WL 6047287, at *5 (N.D. Cal. Nov. 18, 2018) (declining to waive the petitioner's failure to exhaust where "the question of

---

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

4

whether Petitioner's conviction is [subject to § 1182(a)(2)] is best decided by the BIA in the first instance.").

Accordingly, the undersigned recommends that the petition be dismissed without prejudice, Hernandez, 872 F.3d at 988, and Petitioner's remaining motions be denied as moot.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice for failure to exhaust administrative remedies.

2.      Petitioner's motion to proceed in forma pauperis (ECF No. 2) and motion to appoint counsel (ECF No. 4) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5